UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

FREDDY A. RAMIREZ CARDOZA, as Personal
Representative of The Estate of GERTRUDIS
CARDOZA-SORI, Deceased

      Plaintiff,

vs.

SPIRIT AIRLINES, INC., a foreign corporation

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, FREDDY A. RAMIREZ CARDOZA, as the Personal Representative of the Estate of GERTRUDIS CARDOZA-SORI, Deceased, hereby sues the Defendant, SPIRIT AIRLINES, INC., ("SPIRIT AIRLINES"), and states as follows:

### JURISDICTION AND VENUE

1. This action arises from the death of Gertrudis Cardoza-Sori and is brought pursuant to the Montreal Convention and seeks damages pursuant to the Florida Wrongful Death Act.

2. The Plaintiff, FREDDY A. RAMIREZ CARDOZA, has been appointed as the personal representative of the Estate of Gertrudis Cardoza-Sori. A copy of the Letters of Administration dated October 27, 2009 is attached hereto as Exhibit A.

545096v2 890000.9001

3.  Gertrudis Cardoza-Sori, was born on April 9, 1962 and died, at the age of 47 years, on September 26, 2009.

4.  Gertrudis Cardoza-Sori is survived by her son Freddy A. Ramirez Cardoza, date of birth October 25, 1988.

5.  The Defendant, SPIRIT AIRLINES, is a foreign corporation with its principle place of business in Miramar, Broward County, Florida.

6.  This court has jurisdiction pursuant to 28 U.S.C. § 1331 in that the action arises under a treaty which the United States is a party; the "Convention for the Unification of Certain Rules for International Carriage by Air – Montreal," 29 May 1999, ("the Montreal Convention").

7.  Venue is proper pursuant to 28 U.S.C. § 1391 (b) and the Montreal Convention – Article 33.

8.  All conditions precedent to bringing this action have occurred, been performed, or have been waived.

## GENERAL ALLEGATIONS

9.  On or before September 26, 2009, Gertrudis Cardoza-Sori, deceased, purchased a round trip ticket from SPIRIT AIRLINES for travel between Fort Lauderdale, Florida and the Santa Domingo, Dominican Republic International Airport.

10. SPIRIT AIRLINES is a "Carrier" per the Montreal Convention.

11. On September 26, 2009, Gertrudis Cardoza-Sori, deceased, was a passenger on Spirit Airlines Flight 176, from the Santa Domingo, Dominican Republic International Airport to the Fort Lauderdale International Airport.

12. The return flight was "International Carriage of persons ... performed by aircraft for reward" as defined by the Montreal Convention – Article 1.

13. On the return flight, approximately one hour before reaching Fort Lauderdale-Hollywood International Airport, Gertrudis Cardoza-Sori began feeling faint and had to be accompanied to the restroom by her father.

14. Upon returning from the bathroom, Gertrudis Cardoza-Sori collapsed before reaching her assigned seat.

15. Immediately after her collapse, Gertrudis Cardoza-Sori's lips turned blue and she stopped breathing.

16. The flight crew administered CPR.

17. No announcement was made to see if a physician was aboard the plane.

18. SPIRIT AIRLINES did not attempt to use its onboard defibrillator to revive Gertrudis Cardoza-Sori.

19. SPIRIT AIRLINES and its pilots, did not divert to a closer airport, but rather continued to its intended destination, the Fort Lauderdale Hollywood International Airport.

20. Gertrudis Cardoza-Sori never regained consciousness after collapsing and was pronounced dead after landing at Fort Lauderdale, Florida and en route to Broward General Medical Center.

21. The above accident took place onboard the aircraft.

## ABSOLUTE LIABILITY
## ARTICLE 17 OF THE MONTREAL CONVENTION

22. SPIRIT AIRLINES is liable for the death of Gertrudis Cardoza-Sori in that the accident which caused her death took place on board a SPIRIT aircraft. (Montreal Convention – Article 17).

23. The damages sustained by the Plaintiff exceed One hundred thousand dollars ($100,000) Special Drawing Rights.

24. The Plaintiff's damages are not limited to $100,000 Special Drawing Rights in that SPIRIT AIRLINES cannot prove that "such damage was not due to the negligence or other wrongful act or omission by the carrier [SPIRIT AIRLINES] or its servants or agents." (Montreal Convention – Article 21).

25. The Plaintiff is entitled to recover from the Defendant all damages allowable under the Florida Wrongful Death Act.

WHEREFORE, the Plaintiff, FREDDY A. RAMIREZ CARDOZA, as the Personal Representative of the Estate of GERTRUDIS CARDOZA-SORI, Deceased, demands judgment against SPIRIT AIRLINES, INC. for all said damages, together with pre-judgment interest and the costs of this action, and demands trial by jury, and any other relief this Court deems just and proper.

DATED September 10, 2010.

        TRIPP SCOTT, P.A.
        Attorneys for Plaintiff
        110 SE 6th Street, 15th Floor
        Fort Lauderdale, FL 33301
        Telephone: (954) 525-7500
        Facsimile: (954) 832-9236

By   /s/ Edward R. Curtis
      Edward R. Curtis
      Florida Bar No.: 236845
      Evan A. Erwin IV
      Florida Bar No.: 0052666

IN THE CIRCUIT COURT FOR __BROWARD__ COUNTY, FLORIDA
PROBATE DIVISION

IN RE: ESTATE OF

GERTRUDIS CARDOZA-SORI

File No. __09--5183__

Division __#613__

Deceased.

## LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

 WHEREAS, __Gertrudis Cardoza-Sori__,
a resident of __Broward County, Florida__
died on __September 26, 2009__, owning assets in the State of Florida, and

 WHEREAS, __Freddy A. Ramirez Cardoza__
has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

 NOW, THEREFORE, I, the undersigned circuit judge, declare __Freddy A. Ramirez Cardoza__
duly qualified under the laws of the State of Florida to act as personal representative of the estate of __Gertrudis Cardoza-Sori__, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED on __Oct. 27, 2009__.

_Circuit Judge_

STATE OF FLORIDA
BROWARD COUNTY
I DO HEREBY CERTIFY the within and foregoing is a true and correct copy of the original as it appears on record and file in the office of the Circuit Court Clerk of Broward County, Florida, and that same is in full force and effect.
WITNESS my hand and Official Seal at Fort Lauderdale, Florida, this the ___ day of __October__ 20__09__.

_Howard C. Forman_
Deputy Clerk

Bar Form No. P-3.0700
© Florida Lawyers Support Services, Inc.
Reviewed January 1, 2003

**EXHIBIT A**

*Marginal notes:*
- Upon entry to a safe deposit box, an inventory of the contents must be made in the presence of a bank employee witnessed, and filed with the court
- THIS ESTATE MUST BE CLOSED WITHIN 12 MONTHS IF NOT CONTESTED.